1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
8                 AT SEATTLE
9

10 | UNITED STATES OF AMERICA,   )
   |                             )
11 |          Plaintiff,         )    CASE NO.   CR05-433RSL
   |                             )
12 |     v.                      )
   |                             )
13 |                             )    DETENTION ORDER
   | KENNETH L. GOUIN,           )
14 |                             )
   |          Defendant.         )
15 |_____)

16 Offense charged:

17     Possession of Visual Images of Minors Engaged in Sexually Explicit Conduct, in

18     violation of Title 18, U.S.C., Sections 22529a)(4)(B), 2252(b)(2), and 2.

19 Date of Detention Hearing: October 4, 2007

20     The Court, having conducted an uncontested detention hearing pursuant to Title

21 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for

22 detention hereafter set forth, finds that no condition or combination of conditions which the

23 defendant can meet will reasonably assure the appearance of the defendant as required and

24 the safety of any other person and the community.  The Government was represented by

25 Matthew Diggs.  The defendant was represented by Ralph Hurvitz.

26

DETENTION ORDER
PAGE -1-

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed an offense addressed in the recently enacted Adam Walsh Act involving sexual exploitation of a minor. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Defendant has a prior conviction for rape of a minor and there is an outstanding warrant in King County, Washington for Defendant's failing to register as a sex offender. Defendant is therefore viewed as a risk of danger to the public.

(3) The defendant stipulates to detention at this time.

After applying the presumptions applicable under the Bail Reform Act and its recent amendments, the Court concludes that the presumption of detention is not overcome. Thus, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States

Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 5th day of October, 2007.

*/s/ M. Benton*

MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-