UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                       )
UNITED STATES OF AMERICA,              )
                                       )        No. CR05-433RSL
                    Plaintiff,         )
        v.                             )
                                       )        ORDER DENYING DEFENDANT'S
KENNETH GOUIN,                         )        MOTION FOR BILL OF
                                       )        PARTICULARS
                    Defendant.         )
_____)

## I.  INTRODUCTION

This matter comes before the Court on defendant's "Motion for Bill of Particulars" (Dkt. #49).  In his motion, defendant seeks an order compelling the government to file a bill of particulars setting forth the facts on which the government intends to rely in establishing that the images at issue in this case were shipped or transported in interstate commerce.  See Motion at 1.  For the reasons set forth below, the Court denies defendant's motion.

## II.  DISCUSSION

Defendant is charged in a single-count indictment with a violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), Possession of Visual Images of Minors Engaged in Sexually Explicit Conduct.  See Dkt. #12 (Indictment).  Under Fed. R. Crim. P. 7(f), "[t]he court may direct the government to file a bill of particulars."  A bill of particulars may be necessary "[t]o inform the defendant of the nature of the charge against him with sufficient precision to enable him to

ORDER DENYING DEFENDANT'S
MOTION FOR BILL OF PARTICULARS

prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir. 1991) (internal citation and quotation omitted).  The purposes served by a bill of particulars are accomplished if the indictment provides sufficient detail of the charges and if the defendant is provided full discovery.  United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984).

Defendant's motion is directed at the element of the charged offense concerning the government's burden to prove that the alleged images of child pornography in defendant's residence had been shipped or transported in interstate commerce.  See Motion at 2-3.  In this case, however, the government has provided defendant with full discovery, including information as to the out-of-state origin of the images at issue in the case, and the indictment provides sufficient detail of the charges.  See Dkt. #12 (Indictment); Dkt. #52 (Response).

### III.  CONCLUSION

For all of the foregoing reasons, defendant's "Motion for Bill of Particulars" (Dkt. #49) is DENIED.

DATED this 5th day of March, 2008.


*Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR BILL OF PARTICULARS                    -2-