UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )   No. CR05-433RSL
            Plaintiff,              )
                                    )   MEMORANDUM OF DECISION
    v.                              )
                                    )
KENNETH L. GOUIN,                   )
                                    )
            Defendant.              )
_____)

## INTRODUCTION

This criminal case was heard by the Court in a bench trial commencing on March 17, 2008 and concluding on March 18, 2008. See Dkt. ##55, 57. On March 18, 2008, the Court rendered its general finding that the defendant Kenneth L. Gouin ("defendant") is guilty beyond a reasonable doubt of the crime charged in the Indictment, one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B). See Dkt. #12 (Indictment). On March 18, 2008, the Court also issued specific findings in open court, as requested by the government under Fed. R. Crim. P. 23(c).[1] See Dkt. #56 (Government's Trial Brief) at 18. A few days after the Court's May 18, 2008 decision, the government requested that the Court reduce the decision to a written order. Therefore, this Memorandum of Decision incorporates the Court's March 18,

---

[1] Fed. R. Crim. P. 23(c) provides: "In a case tried without a jury, the court must find the defendant guilty or not guilty. If a party requests before the finding of guilty or not guilty, the court must state its specific findings of fact in open court or in a written decision or opinion."

MEMORANDUM OF DECISION

2008 findings of fact.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Under 18 U.S.C. § 2252(a)(4)(B),[2] the government must prove each of the following elements beyond a reasonable doubt.[3] First, that the defendant knowingly possessed books, magazines, periodicals, films, video tapes, or other matter which the defendant knew contained visual depictions of minors engaged in sexually explicit conduct. Second, the defendant knew the visual depictions contained in the books, magazines, periodicals, films, video tapes, or other matter showed minors engaged in sexually explicit conduct. Third, the defendant knew that the production of such visual depictions involved use of a minor in sexually explicit conduct. Fourth, that the visual depictions had been either (a) mailed, shipped, or transported in interstate or foreign commerce, or (b) produced using material that had been mailed, shipped, or transported in interstate or foreign commence by computer or other means. See Ninth Circuit Model Criminal Jury Instruction 8.154 (Sexual Exploitation of Child – Possession of Child Pornography (18 U.S.C. § 2252(a)(4)(B)). At trial, the defendant stipulated to the first three elements. See Dkt. #59 (Trial Brief of Defendant) ("Mr. Gouin does not contest that he

---

[2] 18 U.S.C. § 2252(a)(4)(B) provides:

(a) Any person who . . . [4](B) knowingly possesses 1 or more books, magazines, periodicals, films, videotapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if — (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct; shall be punished as provided in subsection (b) of this section.

[3] The Indictment charges that defendant "did knowingly and unlawfully possess visual depictions of minors engaged in sexually explicit conduct, as that term is defined by Title 18, United States Code, Section 2256, the production of which involved the use of minors engaging in sexually explicit conduct, which images were transported and shipped in interstate and foreign commerce, and the images were of such conduct." Dkt. #12 at 1.

MEMORANDUM OF DECISION                    -2-

knowingly possessed matter containing visual depictions of minors engaged in sexually explicit conduct, and will so stipulate for purposes of trial.  The only element remaining at issue is whether the government can prove beyond a reasonable doubt that the depictions were shipped or transported in interstate or foreign commerce.").

Under 18 U.S.C. § 2256(5), "'visual depiction' includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."  Referring back to § 2252(a)(4)(B), visual depictions may be found in film, videotape and data stored on computer disk or by electronic means capable of being converted into visual images.  Visual depictions may also be found in books, magazines and periodicals, which means more traditional pictures or hard copy pictures.  Thus, the Court agrees with the government's position at trial that the use of the term "includes" in the definition of "visual depiction" was meant to specify additional ways visual depictions exist, and not to limit the definition just to computer stored or electronically stored data.

The Court finds that the defendant possessed both types of visual depictions—matters that he printed out and stored in hard copy or obtained through other means, but kept in hard copy, and held in a three-ring binder and expandable folder (see Exhibits 2 and 3), and matters that he stored on hard drives, CDs, or floppy disks (see Exhibits 1, 4 - 6).

The Court finds that the government presented uncontroverted evidence that the six series of pictures depicting the sexual exploitation of minor children were records of the abuse of real children of very young age who were sexually abused in six different states:  Illinois, Missouri, North Carolina, Pennsylvania, Idaho, and Texas.  These pictures document those sexual assaults and they traveled to the State of Washington where they became part of the defendant's collection of child pornography.  This is the very definition of material that is "transported in interstate commerce" under 18 U.S.C. § 2252(a)(4)(B).

Assuming, for the sake of argument, the defendant possessed child pornography given to him by a neighbor who was photographing the abuse of that neighbor's child here in Washington

MEMORANDUM OF DECISION                    -3-

State, there would be no evidence that this child pornography traveled in interstate commerce. Arguably, if the same images were sent by facsimile from one Washington household to another, the government's proof might be said to fall short. But in this case, with known victims whose sexual exploitation occurred throughout six other states and whose documented sexual abuse was sent out along the Internet, the Court finds that the Internet transmission of the visual depictions at issue meets the statutory definition of "transported in interstate commerce."

The defendant admitted he visited websites in search of child pornography and had been doing so for years. Defendant focused on websites where children were engaged in sex acts with adults, where the children were ages three through eight, mostly female, and as he told the police, with some bondage involved. The defendant printed them and placed them in binders in his bedroom. These are the pictures that comprise the "Cindy," "Felisha," "Jan-Feb," "Misty," "Abby," and "Hea-Heather" series of images.

The Court finds that the testimony of Robert Young, the defense expert, is compelling evidence of why the use of the Internet to transmit the visual depictions at issue is inherently part of interstate commerce. Mr. Young made the same points that were made in the testimony of the Comcast witness here, William Crews, and in the Third Circuit case of United States v. MacEwan, 445 F.3d 237 (3d Cir. 2006), cert. denied, 127 S. Ct. 208 (2006). Id. at 241 ("He stated that it was impossible to scientifically ascertain the exact path any specific request, at a point in time would have done.") (citation and quotation marks omitted). Mr. Young, along with the other witnesses, make the point that it is impossible to tell which computer server transmitted which images at any one time. And, the serendipity of saying one day that server was in Washington, one day it was in Oregon or Virginia, or it might have traveled to any one of several states at different times, makes the case for why it is totally consistent with the language of § 2252(a)(4)(B) and the clear intent of Congress to follow the Third Circuit analysis in MacEwan:

> Regardless of the route taken, however, we conclude that because of the very

interstate nature of Internet, once a user submits a connection request to a website server or an image is transmitted from the website server back to the user, the data has traveled in interstate commerce. Here, once the images of child pornography left the website server and entered the complex global data transmission system that is the Internet, the images were being transmitted in interstate commerce.

MacEwan, 445 F.3d at 244.

The defendant urges the Court to follow the reasoning of United States v. Schaefer, 501 F.3d 1197 (10th Cir. 2007), in which the Tenth Circuit reversed a conviction after a bench trial, like the one before the Court, where the defendant stipulated to all the elements of the charge except for the interstate nature of the child pornography's transmittal. See Dkt. #59 at 4. The Tenth Circuit held that the use of the Internet "standing alone" does not satisfy the interstate nexus in child pornography cases. Schaefer, 501 F.3d at 1198 ("Specifically, we conclude that the government's evidence concerning Mr. Schaefer's use of the Internet, standing alone, was not sufficient to establish that the child-pornography images at issue moved across state lines.").

Although this Court believes the Ninth Circuit will follow the Third Circuit's reasoning in MacEwan and not the Tenth Circuit in this area, it is clear that the facts in this prosecution provide far more evidence to support the interstate nexus than what was available in Schaefer. See, e.g., United States v. Sutcliffe, 505 F.3d 944, 953 (9th Cir. 2007) (quoting MacEwan).

In Schaefer, the prosecution never presented any evidence of where the child victims were located when they were sexually abused and photographed. Id. at 1205 ("These convictions cannot stand because the government failed to present sufficient evidence concerning the movement of the child-pornography images across state lines."). There was also no evidence that Schaefer downloaded images via computer and placed them on the CDs found in his home. Id. at 1199 ("[A]n investigating agent testified that he had no evidence Mr. Schaefer downloaded images via computer and placed them on CDs found in his home.").

Had the Schaefer court been presented with the breadth and depth of the evidence of interstate transportation in this case, the Tenth Circuit would have had no difficulty in affirming Schaefer's conviction.

MEMORANDUM OF DECISION -5-

1    Therefore, under any reading of 18 U.S.C. § 2252(a)(4)(B) and the indisputable factual
2    findings in this case, the Court is satisfied beyond any reasonable doubt that defendant is guilty
3    of the crime charged in the Indictment.

     DATED this 24th day of April, 2008.

                                                      /s/ Robert S. Lasnik
                                                      Robert S. Lasnik
                                                      United States District Judge

MEMORANDUM OF DECISION                 -6-